**Gary GOCHNOUR, Plaintiff-Appellant,**

**v.**

**Mr. John O. MARSH, Jr., Secretary of the U.S. Army, Defendant-Appellee.**

No. 84–3233
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 2, 1985.

Gary Gochnour, pro se.

John P. Volz, U.S. Atty., Roy F. Blondeau, Jr., Asst. U.S. Atty., New Orleans, La., for defendant-appellee.

Before WILLIAMS, JOLLY, and HILL, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

Appellant Gary Gochnour brought suit in July 1983, seeking retroactive appointment as an officer in the United States Army and constructive promotion and back pay. His claim is based upon the assertion that he was wrongfully denied readmission into Officers' Candidate School in 1963. His suit further sought review of a 1982 decision of the Army Board for Correction of Military Records (ABCMR), which denied his claim for relief to correct his records based upon the three year statute of limitations, 10 U.S.C. § 1552, and insufficient grounds for waiver.

The district court granted the Army's motion to dismiss for lack of subject matter jurisdiction. We affirm.

■ We read pro se pleadings and briefs with tolerance and understanding. In this case, however, it is difficult to separate appellant's personal complaints of disgruntlement with the Army from assertions which might have some legal basis for consideration. For example, he was dismissed from OCS in 1962 for leadership deficiencies. Later he claimed to Senator Jackson that he was dismissed because of a dispute with the Unit First Sergeant. In his brief he now claims that his difficulties in OCS were based upon serious allergy problems and medication which caused him all his difficulties. He implies that he was also required to leave because of the fact that he was once charged or convicted with a "civil crime" of the use of profanity, even though he also claims that this charge or conviction had been "waived". In any event, later applications for OCS were denied because of the rule that former officer candidates dismissed for leadership deficiency are not readmitted to OCS. Finally, he then asked for a waiver of his prior enrollment so that this rule would not block further applications to OCS. This request was denied in 1963.

Further, he claims certain correspondence he had with Senator Jackson is missing from his personnel file which he obtained under the Freedom of Information Act. But he concedes that he received his personnel files in 1976 or 1977 and that some of the documents in the file he has hidden somewhere because he did not want his family to see them.

In 1982, he applied to ABCMR seeking back pay, retroactive appointment, and constructive promotions as an officer. The Board denied his application under the three year statute of limitations and found specifically that he was not entitled to a waiver.

■ The dismissal of appellant's action by the district court on lack of subject matter jurisdiction was correct. The only possible statutory provision which he cites which would give jurisdiction in this case is 28 U.S.C. § 1331. The fundamental relief sought in this action is monetary in nature. The fact that equitable claims for appointment and promotion are also involved does not change the fact that this is a claim in substantial measure of a monetary back pay award. Section 1331 cannot be the basis of monetary relief since there is no waiver of sovereign immunity. *Sheehan v. Army and Air Force Exchange Service,* 619 F.2d 1132, 1139 (5th Cir.1980); *Beller v. Middendorf,* 632 F.2d 788, *reh'g denied, Miller v. Rumsfeld,* 647 F.2d 80 (9th Cir. 1981), *cert. denied,* 452 U.S. 905, 101 S.Ct. 3030, 69 L.Ed.2d 405, *reh'g denied,* 454 U.S. 1069, 102 S.Ct. 621, 70 L.Ed.2d 605 (1981).

■ Further, appellant claims the right to appointment as an officer of the United States Army even though he was dismissed from Officers' Candidate School and never readmitted to that school. Appellant has alleged no right which has been violated in his failure to be readmitted to Officers' Candidate School. The core of his complaint actually is that he was refused admission for "criminal tendencies" as a result of this obscure possible conviction for the use of profanity. But even if it were

found that the Army was in error in using that prior conviction, if it existed, this would not in any way establish a right for him retroactively now to be commissioned an Army officer. Appellant has claimed no constitutional or statutory right which could possibly justify any court in now adjudicating, in effect, that he would have graduated from OCS and been commissioned and would have pursued a successful career as an Army officer. And all this retroactively with back pay and subsequent promotions. Further, this would have to be accomplished twenty-two years after the fact of denial of admission. With even more precision, it can be pointed out that the decision of the Army not to waive the prior dismissal from OCS would on its face qualify as a non-reviewable military action. *Mindes v. Seaman,* 453 F.2d 197 (5th Cir. 1971).

■ These considerations clearly justify the district court in dismissing the case for lack of subject matter jurisdiction. Since this is a pro se complaint, however, the Court will simply go on in passing to make the additional observation that the suit could also have properly been dismissed on the ground of laches and failure to comply with the statute of limitations in the action against the ABCMR. The laches arise in the fact that he waited for at least six years after receiving these records in bringing this suit, and over four years after receiving his records in seeking to have correction of his military records by ABCMR, well beyond the limitations period of the statute and without any showing of reasonable grounds for failure to have complied with the statute.

We find that appellant has stated no cause of action which is within the subject matter jurisdiction of the federal court. In addition we find that even if assuming such subject matter jurisdiction, claims have been barred by laches and the statute of limitations.

AFFIRMED.