**John T. EVANS, Plaintiff–Appellant,**

v.

**John O. MARSH, Jr., Secretary of the Army, Defendant–Appellee.**

**No. 87–4026.**

United States Court of Appeals, Fifth Circuit.

Jan. 15, 1988.

John T. Evans, pro se.

Joseph S. Cage, Jr., U.S. Atty., Shreveport, La., for amicus curiae.

Before RUBIN, WILLIAMS and DAVIS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

Appellant, John T. Evans, sued to have his military record corrected pursuant to 10 U.S.C. § 1552. This appeal involves the question of whether the district court erred in dismissing appellant's suit for lack of subject matter jurisdiction pursuant to 38 U.S.C. § 211. We hold that the district court did err in dismissing the suit on jurisdictional grounds but affirm the dismissal on other grounds.

I.

On May 23, 1968, appellant Evans was inducted into the U.S. Army. He had a history of back problems prior to his induction which was duly noted in his military record at the time of his induction physical. From August 21, 1968, through September 3, 1968, Evans reported to sick call four times, complaining of lower back pain. On August 21, 1968, Evans' orthopedic evaluation reported that a previous back sprain may have been aggravated in basic training. The evaluation contained findings of tenderness over Evans' lumbosacral region and that Evans' right leg was one half inch shorter than his left.

On February 14, 1970, Evans was honorably discharged from active duty. Evidently his back had caused him virtually no difficulty after 1968. While in service Evans attained the rank of Specialist E–4 and was awarded a number of medals and badges. Evans alleges now that he was discharged with complaints of severe back pain. He claims he was injured in basic training, disabled throughout his military career, and discharged without proper medical treatment. His discharge, however, was pursuant to Section VII, Chapter 5 of Army Regulation 635–200, relating to "overseas returnees" and made no mention of ill health or disability at the time of his discharge. At his separation physical, Evans stated: "I am in good condition. Good health."

On March 29, 1985, Evans filed with the Army Board for Correction of Military Records a DD Form 149, pursuant to 10

U.S.C. § 1552(a),[1] requesting that his military record be corrected to show that he had been disabled at the time of his discharge from the military in 1970. Evans at the same time also apparently petitioned the Veteran's Administration for disability payments for a variety of current medical problems (high blood pressure, eye problems, gum disease, arthritis, and a bad back). On August 24, 1985, the VA denied Evans service connected disability benefits for his various medical problems, most likely because his record made no mention of service related health problems.

On October 1, 1986, the Board for Correction denied Evans' application to change his military record relating to his discharge. Evans was notified of this denial by letter later in the same month. This letter explained that his application had been denied because it had not been filed within the time required under 10 U.S.C. § 1552(b)[2], and the Board had determined that it was not in the interest of justice to excuse Evans' failure to do so. The Board stated that any error in Evans' military record "was, or with reasonable diligence should have been, discovered on 14 February 1970 [the date of Evans' discharge]." The statute of limitations under 10 U.S.C. § 1552(b) therefore had run on February 13, 1973, and Evans' 1985 application was untimely.[3] The Board further explained that Evans had not presented, nor did the records contain, sufficient justification to establish that it would be in the interest of justice to excuse his failure to file within the time prescribed by law.[4] This conclusion evidently was supported by a staff advisory opinion from the office of the Surgeon General which noted that Evans had mentioned his history of back problems at his induction physical on February 1, 1968. This advisory opinion noted, "In summary, the available records show no evidence of any unfitting physical or mental condition."

Evans filed a *pro se* complaint against the Secretary of the Army in federal district court in Louisiana on November 10, 1986, requesting judicial review of the decision of the Board for Correction not to correct his military record and of the decision by the VA not to award him disability retirement benefits. The district court referred the case to a magistrate for a report and recommendation. The magistrate, in his December 1, 1986, report, found that the district court lacked subject matter jurisdiction of the case because decisions of the VA under any law administered by the VA providing veteran benefits are not subject to judicial review. 38 U.S.C. § 211(a).[5]

---

1. 10 U.S.C. § 1552(a) reads:

    (a) The Secretary of a military department, under procedures established by him and approved by the Secretary of Defense, and acting through boards of civilians of the executive part of that military department, may correct any military record of that department when he considers it necessary to correct an error or remove an injustice. Under procedures prescribed by him, the Secretary of Transportation may in the same manner correct any military record of the Coast Guard. Except when procured by fraud, a correction under this section is final and conclusive on all officers of the United States.

2. 10 U.S.C. § 1552(b) reads:

    (b) No correction may be made under subsection (a) unless the claimant or his heir or legal representative files a request therefor before October 26, 1961, or within three years after he discovers the error or injustice, whichever is later. However, a board established under subsection (a) may excuse a failure to file within three years after discovery if it finds it to be in the interest of justice.

3. Evans' application to the Board for Correction states that he discovered the error committed by the Army only on July 2, 1984. There was nothing, however, in Evans' application explaining why it took so long after his discharge for him to discover that he had been disabled throughout his military career, discharged with a disability, and that these facts had not been duly noted in his military record.

4. Evans' Complaint in the district court merely makes the conclusory statement: "[I]t would be in the interest of justice to grant this claim because the injuries occurred in the Armed Services of the United States of America." No extenuating circumstances were alleged to cast doubt on the Board's discretion in not waiving the statute of limitations.

5. 38 U.S.C. § 211(a) reads:

    (a) On and after October 17, 1940, except as provided in sections 775, 784, and as to matters arising under chapter 37 of this title, the decisions of the Administrator on any question of law or fact under any law administered by the Veterans' Administration provid-

The magistrate also held that Evans had not exhausted his administrative remedies. The magistrate recommended that the complaint be placed in the miscellaneous file and not be allowed to be filed *in forma pauperis* since the court did not have subject matter jurisdiction. The district court accepted the magistrate's recommendation and dismissed Evans' complaint for lack of subject matter jurisdiction before the government had even been served.

Evans filed notice of appeal to the Fifth Circuit. This Court in a July 7, 1987, order granted Evans' motion for leave to appeal *in forma pauperis* but affirmed the district court's dismissal for lack of subject matter jurisdiction of that portion of Evans' complaint regarding the VA decision on disability retirement benefits. This order left as pending before us only that portion of Evans' complaint dealing with the correction of his military record.

## II.

In general, federal courts may review the determinations of the various service Boards for Correction regarding the correction of military records pursuant to 10 U.S. C. § 1552(a). *Chappell v. Wallace*, 462 U.S. 296, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1983); *Hodges v. Callaway*, 499 F.2d 417 (5th Cir.1974). Board decisions can be set aside if they are arbitrary, capricious, or not based upon substantial evidence. *Chappell v. Wallace*, 462 U.S. at 303, 103 S.Ct. at 2367.[6]

■ The issue raised in this case by the decision of the district court is whether judicial review of a Board for Correction decision regarding a veteran's military record would, because of the nature of the correction requested, circumvent 38 U.S.C. § 211(a)'s absolute prohibition of review of VA benefits decisions. The government

concedes that the district court erred in so holding. This concession is correct. There is a fundamental distinction in the tasks performed by the VA and by the Boards for Correction. The VA assesses an applicant's present physical and mental conditions and determines whether any current health problems are "service connected" and whether the problems render him eligible for benefits. It is not essential that the applicant manifest the problems at the time of his discharge. The task of the Boards for Correction, on the other hand, is to investigate and determine whether the applicant is suffering from an injustice caused by an error in military records. *Nolen v. Rumsfeld*, 535 F.2d 888 (5th Cir. 1976), *cert. denied*, 429 U.S. 1104, 97 S.Ct. 1133, 51 L.Ed.2d 556 (1977).

If a court holds that a Board for Correction needs to make a change in a military record to show a particular health problem where none had been previously indicated, the VA would still have the right to make its own independent determination regarding the applicant's current eligibility for benefits. Just because an applicant's military record is changed through judicial review does not mean the VA's decision regarding benefits has to change. There is no violation of 38 U.S.C. § 211(a) under such a scenario. "[P]laintiffs may not be precluded from seeking intermediate relief, if lawful, even though then they may well hope that a corrected Army record might warrant reconsideration by the VA of [their] status and, in turn, their entitlement to benefits." *Moore v. Sec'y of the Army*, 627 F.Supp. 1538, 1541 (D.Conn.1986). It is inappropriate to read § 211(a) as precluding the medical records aspect of a Board for Correction's work from the otherwise available judicial review. *Yagjian v. Marsh*, 571 F.Supp. 698 (D.N.H.1983); *R.R. v. Department of the Army*, 482 F.Supp.

---

ing benefits for veterans and their dependents or survivors shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision by an action in the nature of mandamus or otherwise.

**6.** 10 U.S.C. § 1552, establishing the service Boards for Correction of Military Records, was

enacted primarily to relieve Congress from consideration of private bills to correct perceived injustices in military records regarding discharges. *Sims v. Fox*, 492 F.2d 1088 (5th Cir. 1974), *cert. denied*, 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 678 (1975); *Sherengos v. Seamans*, 449 F.2d 333 (4th Cir.1971); *United States ex rel. Brooks v. Clifford*, 412 F.2d 1137 (4th Cir.1969).

770 (D.D.C.1980). *See also Nolen v. Rumsfeld, supra.* It follows that 38 U.S. C. § 211(a) does not preclude the normal judicial review established under 10 U.S.C. § 1552.

■ We must affirm the district court's dismissal of Evans' suit nevertheless, because Evans' application to the Board for Correction was submitted over 12 years after the applicable statute of limitations had run and Evans has alleged no facts which would show it is "in the interest of justice" to waive this timeliness requirement. 10 U.S.C. § 1552(b). The only Army Board for Correction decision before the district court for review, and therefore before this Court, was the Board's decision to enforce the statute of limitations and not reach the merits of Evans' application. The Board has this discretion, and the courts do not upset it unless the Board's decision is arbitrary, capricious, or not based upon substantial evidence. We find no abuse of discretion by the Army Board for Correction in enforcing the statute of limitations under 10 U.S.C. § 1552(b). The evidence is overwhelming that the decision of the Board was correct. We affirm the dismissal of Evans' complaint by the district court. *See Gochnour v. Marsh,* 754 F.2d 1137 (5th Cir.), *cert. denied,* 471 U.S. 1057, 105 S.Ct. 2121, 85 L.Ed.2d 485 (1985).

AFFIRMED.