**Frank D. MASON, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

No. 91–482.

United States Court of Veterans Appeals.

Submitted April 2, 1992.

Decided July 7, 1992.

Andrew H. Marshal (non-attorney practitioner) on the pleadings for appellant.

James A. Endicott, Jr., Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Thomas A. McLaughlin, Deputy Asst. Gen. Counsel, and Adrienne Koerber were on the pleadings for appellee.

Before FARLEY, MANKIN and HOLDAWAY, Associate Judges.

FARLEY, Associate Judge, filed the opinion of the Court, in which HOLDAWAY, Associate Judge, joined. MANKIN, Associate Judge, filed a dissenting opinion.

FARLEY, Associate Judge:

In its decision of January 24, 1991, the Board of Veterans' Appeals (Board or BVA) denied appellant's claim for service connection for an acquired psychiatric disorder. Taking note of its earlier adverse decisions in 1986, 1987 and 1988, the Board found that evidence submitted by the veteran subsequent to the September 1988, decision "does not advance a new factual basis establishing that the veteran's psychiatric disorder had its onset in service or is otherwise related to service." *See Frank D. Mason,* BVA 90–30490, at 8 (Jan. 24, 1991). The veteran filed a timely Notice of Appeal on March 22, 1991, and his brief was received on November 6, 1991. On December 9, 1991, the Secretary of Veterans Affairs (Secretary) moved for a remand to permit the Board to determine whether the evidence submitted by the veteran subsequent to the September 1988 BVA decision was "new and material" and, if so, to apply the two-step analysis required by *Manio v. Derwinski,* 1 Vet.App. 140 (1991). In the Secretary's view, a remand also was required to enable the Board to include the requisite statement of reasons or bases for its findings. On December 13, 1991, appellant filed an opposition to the motion for remand and urged reversal rather than remand. In view of the Court's holding that the appellant did not submit new and mate-

rial evidence sufficient to warrant reopening of the September 1988 final denial, appellant's claim should not have been reopened. However, in view of the denial by the BVA, any error was harmless. The Secretary's motion for remand will be denied and the Board's decision affirmed.

## I.

■ Pursuant to 38 U.S.C. § 7104(b) (formerly § 4004(b)), a final decision by the BVA on a given claim "may not thereafter be reopened and allowed and a claim based upon the same factual basis may not be considered." The exception to this rule is 38 U.S.C. § 5108 (formerly § 3008) which states that "[i]f new and material evidence is presented or secured with respect to a claim which has been disallowed, the Secretary shall reopen the claim and review the former disposition of the claim." *See Thompson v. Derwinski*, 1 Vet.App. 251, 253 (1991). In *Manio*, this Court established that the BVA must perform a two-step analysis when the veteran seeks to reopen a claim based upon new evidence.

First, the BVA must determine whether the evidence is "new and material". 38 U.S.C. § [5108]. Second, if the BVA determines that the claimant has produced new and material evidence, the case is reopened and the BVA must evaluate the merits of the veteran's claim in light of *all* the evidence, both new and old.

*Manio*, 1 Vet.App. at 145 (citation omitted). The determination whether evidence submitted to reopen a previously disallowed claim is new and material under 38 U.S.C. § 5108 is a question of law which this Court reviews de novo. *Colvin v. Derwinski*, 1 Vet.App. 171, 174 (1991). "New and material" evidence is evidence which is "not ... merely cumulative of other evidence on the record" and "is relevant and probative of the issue at hand." *Id.*

## II.

The evidence submitted by the veteran since the September 1988 BVA decision falls into four categories. The first consists of the veteran's testimony at a hearing held at the Department of Veterans Affairs (formerly Veterans' Administration) (VA) Regional Office on February 6, 1990. R. at 320. The veteran's testimony is virtually identical to his testimony of May 28, 1985, which was before the BVA when it would have made its previous decisions. R. at 217. The second category of evidence consisted of lay statements from Bentley A. Rosser (R. at 308), Larry G. Carpenter (R. at 309) and the Reverend Frankie L. Perdue (R. at 319). These statements stand as strong testimony to the veteran's high community standing and reputation. However, these letters are cumulative of earlier letters and, moreover, offer nothing new on the issue of service connection for acquired psychiatric disorder. *See, e.g.*, R. at 198–99, 201.

The third category of new evidence consists of a letter dated May 25, 1990, from Dennis E. Burns, M.D. R. at 345. However, as the Board concluded, the "statement of Dr. Burns is essentially a reiteration of his October 1986, statement [R. at 253] previously considered by the Board." *See Mason*, BVA 90–30490, at 7. There is also an earlier letter from Dr. Burns in the file. R. at 200.

The final category of new evidence consists of a letter report from VA staff psychiatrist Robert L. Turner, M.D. R. at 346. Dr. Turner describes the veteran's current diagnosis and treatment and specifically notes that the veteran "functions in the average range of intelligence and is not mentally retarded." *Id.* With respect to an acknowledged misdiagnosis in service, it is Dr. Turner's "guess that this was due to a combination of lack of formal education and his psychiatric state at the time." R. at 346. There is nothing in Dr. Turner's statement which is material to the service connection issue decided by the BVA.

■ While the evidence submitted since the September 1988 BVA decision is "new" in the sense that it did not exist when the earlier decisions were issued, it is not "new" for the purposes of 38 U.S.C. § 5108 because it is cumulative of evidence previously considered by the BVA. Neither does the proffered evidence, when considered alone or with the previous evidence

of record, alter in any substantial way the factual predicate for the 1988 BVA decision. Since new and material evidence was not submitted in this case, the BVA erred in reopening the claim; however, in view of BVA's denial of the claim, the error was not prejudicial. *See* 38 U.S.C. § 7261(b) (formerly § 4061(b)); *Kehoskie v. Derwinski*, 2 Vet.App. 31, 34 (1991) (where a claim should not have been reopened, if the Board nevertheless denied the claim, such error would be considered harmless); *Godwin v. Derwinski*, 1 Vet.App. 419, 424–25 (1991); *Thompson*, 1 Vet.App. at 254.

### III.

Upon consideration of the record, including appellant's brief, the Secretary's motion for remand and appellant's response, it is the holding of the Court that appellant has not presented new and material evidence sufficient to warrant reopening of appellant's claim which was the subject of a BVA final denial in September 1988. Accordingly, the January 24, 1991, decision of the Board of Veterans' Appeals denying appellant's claim for service connection of an acquired psychiatric disorder is AFFIRMED.

MANKIN, Associate Judge, dissenting:

The majority affirms the BVA decision holding that no new and material evidence was submitted by the veteran to reopen his claim. While the majority discusses and classifies the evidence submitted into four categories, it fails to review and discuss the evidence in context of the entire record and makes conclusory statements regarding its newness and materiality.

When a veteran attempts to reopen a previously denied claim, "the BVA must perform a two-step analysis." *Manio v. Derwinski*, 1 Vet.App. 140, 145 (1991).

First, the BVA must determine whether the evidence is "new and material". 38 U.S.C. § [5108]. Second, if the BVA determines that the claimant has produced new and material evidence, the case is reopened and the BVA must evaluate the merits of the veteran's claim in light of *all* the evidence, both new and old.

*Id.* (citation omitted). Because there was a final BVA decision of 1988, the veteran must present "new and material" evidence to reopen his claim under 38 U.S.C. § 5108. Although the Board found "that the veteran submitted new evidence into the record, [it found] that it [was] essentially cumulative in nature and [did] not establish a new factual basis demonstrating that the veteran's present psychiatric disorder had its onset in service or is otherwise related to active service. Accordingly, [it was] unable to conclude that *the evidence received since the September 1988 Board decision* advances a new factual basis establishing entitlement to service connection for a[n] acquired psychiatric disorder." *Mason*, BVA 90–30490, at 7 (emphasis added). Clearly, the *Manio* analysis was not followed by the BVA, because it made no finding on the materiality of the evidence, yet proceeded to find that it established no new factual basis for service connection, and it did not look at the newly submitted evidence in light of *all* the evidence of record.

Under *Colvin v. Derwinski*, 1 Vet.App. 171 (1991), the issue of whether "new and material" evidence was submitted is a legal question that this Court reviews de novo, without deference to the BVA's findings. *Id.* at 174. New evidence is "not that which is merely cumulative of other evidence on the record." *Id.* (quoting *Williams v. Sullivan*, 905 F.2d 214, 216 (8th Cir.1990)). Material evidence "is relevant and probative of the issue at hand." *Id.* (quoting *Chaney v. Schweiker*, 659 F.2d 676, 679 (5th Cir.1981)). This Court held that "to justify a reopening on a basis of new and material evidence, there must be a reasonable possibility that the new evidence, when viewed in the context of all the evidence, both new and old, would change the outcome." *Id.*

It appears contradictory for the BVA to have concluded that the evidence submitted was "new," but essentially cumulative. *Mason*, BVA 90–30490, at 7. Either the evidence was new OR cumulative, but not both by the definition adopted by this Court. "Merely" is defined as: "1. no

more than; and nothing else; only." WEB-STER'S NEW WORLD DICTIONARY 849 (3d ed. 1988). "Cumulative" is defined as "2. *Law* designating additional evidence that gives support to earlier evidence." *Id.* at 338. If the newly submitted evidence does no more and nothing else than give support to earlier evidence, then it is not "new" according to this Court's definition. While Dr. Burns provided earlier statements to the BVA, and the 1990 statement gives support to the earlier evidence, it does more than just that; it gives a broader and more thorough perspective of the veteran's mental problems. The statement by the VA psychiatrist is definitely new, because there had been no previous statement from any VA physician that admitted and acknowledged that the previous diagnosis of mental deficiency was medically incorrect. The lay affidavits appear to be cumulative, however, only strengthening previous statements of acquaintances and friends of the veteran's pre-military mental status.

Dr. Burns' 1990 statement and that of the VA psychiatrist are definitely "material" in that they are relevant and probative to the issue of service connection for a psychiatric disorder that was misdiagnosed and mischaracterized during service. The induction examination revealed no psychiatric disorders; therefore, the veteran is presumed to have been in sound condition, i.e., of sound mind when he enrolled in the service. 38 U.S.C. § 1111 (formerly § 311). There has been no clear and unmistakable evidence to rebut the presumption of soundness, except that of the mother (whose credibility was shed in questionable light by the fact that she did not want her son to go to war) and the veteran (who says that he had running fits as a child; this is not the same as a psychiatric disorder). There is no evidence of a preexisting mental illness, but even if there was, the BVA never considered whether this condition was aggravated by service. *See* 38 U.S.C. § 1153 (formerly § 353).

The veteran was denied service connection because he was diagnosed in service as mentally deficient and a moron, which is not compensable under the law. R. at 72-73. However, Dr. Burns' and the VA doctor's statements, when viewed with the previous statements, clearly indicate that the veteran did not have a mental defect, yet was misdiagnosed as such. The BVA even acknowledged that "the veteran's initial mental classification has been subsequently deemed erroneous through additional psychiatric evaluations", yet the BVA found "that the opinion of a private physician made approximately 45 years after service separation does not raise a new factual basis showing a psychiatric disorder was present in service." *Mason,* BVA 90-30490, at 7. Dr. Burns pointed out that there was an erroneous diagnosis of mental deficiency; the veteran should have been diagnosed as suffering from panic attacks with agoraphobia under the Diagnostic and Statistical Manual of Mental Disorder, Third Ed. Revised, code 300.21. R. at 345. A mental disorder was definitely incurred in service, it was just misclassified in service. Even if the psychiatric disorder was not diagnosed in service, the BVA never discussed whether its symptoms became manifest within one year after service to a degree of 10% or more under 38 U.S.C. §§ 1101, 1112, 1113, 1137 (formerly §§ 301, 312, 313, 337). It appears from the record that a psychiatric disorder did become manifest within the presumptive period. The evidence submitted was "new and material" when viewed in light of *all* the evidence of record, which the BVA failed to do. The BVA's legal conclusion to the contrary must be overturned as arbitrary and capricious. The Court should also reverse the second factual finding of the BVA as clearly erroneous.