Thelma H. **DEESE**, Appellant,

v.

Edward J. **DERWINSKI**, Secretary of Veterans Affairs, Appellee.

No. 90–1008.

United States Court of Veterans Appeals.

July 28, 1992.

## MEMORANDUM DECISION

STEINBERG, Associate Judge:

The pro se appellant, Thelma H. Deese, appeals from a May 21, 1990, decision of the Board of Veterans' Appeals (BVA or Board) denying service connection for the cause of her veteran husband's death. Because the Court finds that the appellant did not submit new and material evidence to reopen her claim, the Board's decision will be affirmed.

■ The appellant's claim for service connection of the cause of her husband's death was denied by a prior final Board decision in February 1986, concluding that she was not entitled to dependency and indemnity compensation. R. at 511. Pursuant to 38 U.S.C. § 5108 (formerly § 3008), a previously disallowed claim must be reopened by the Secretary of Veterans Affairs (Secretary) when "new and material evidence" is presented or secured with respect to that claim. See 38 U.S.C. § 7104(b) (formerly § 4004). On claims to reopen previously disallowed claims, the BVA must conduct a two-step analysis. Manio v. Derwinski, 1 Vet.App. 140, 145 (1991). First, it must determine whether the evidence presented or secured since the prior final disallowance of the claim is "new and material". If it is, the Board must then review the new evidence "in the context of" the old to determine whether the prior disposition of the claim should be altered. Jones (McArthur) v. Derwinski, 1 Vet.App. 210, 215 (1991).

In its May 21, 1990, decision, the BVA failed to conduct this two-step analysis. Rather, it concluded: "The decision of the [BVA] in February 1986 is final; the evi-

dence received subsequently does not present a new factual basis for a grant of service connection for the cause of the veteran's death." Thelma H. Deese in the Case of Robert T. Deese, BVA 90-——, at 10 (May 21, 1990) (hereinafter Deese ).

■ Although the Board erred by failing to apply the proper standard upon a reopening, its error, as will be explained below, was harmless because the claim should not have been reopened. See 38 U.S.C. § 7261(b) (formerly § 4061); Kehoskie v. Derwinski, 2 Vet.App. 31, 34 (1992); Godwin v. Derwinski, 1 Vet.App. 419, 425 (1991); Thompson v. Derwinski, 1 Vet. App. 251, 254 (1991). The determination as to whether evidence is "new and material" is a conclusion of law which this Court reviews de novo under 38 U.S.C. § 7261(a)(1) (formerly § 4061). See Masors v. Derwinski, 2 Vet.App. 181, 185 (1992); Jones, 1 Vet.App. at 213; Colvin v. Derwinski, 1 Vet.App. 171, 174 (1991). "New" evidence is evidence which is not "merely cumulative" of other evidence in the record. Colvin, supra. Evidence is "material" when it is "relevant and probative" and there is "a reasonable possibility that the new evidence, when viewed in the context of all the evidence, both new and old, would change the outcome." Masors, supra; Godwin, supra; Colvin, supra.

■ During his lifetime, the veteran established entitlement to service-connected disability compensation for postoperative residuals of a herniated nucleus pulposus ("soft fibrocartilage central portion of the intervertebral disk", STEDMAN'S MEDICAL DICTIONARY 1070 (25th ed. 1990)), residuals of a meniscectomy (excision of a meniscus, a fibrocartilaginous structure, STEDMAN'S MEDICAL DICTIONARY 944) of the left knee, and residuals of fractures of the ribs. R. at 512; Deese, BVA 90-——, at 4. His death certificate lists ischemic heart disease as the sole cause of death, with no contributing factors noted. R. at 328. In support of her original claim submitted in 1983, the appellant submitted a November 29, 1983, letter to the Veterans' Administration (now Department of Veterans Af-

fairs) (VA) from a private physician, Dr. Donald Schumacher, stating in part:

Although [the veteran's] final demise was of a cardiac nature, his arthritis of his neck, his spine, and his gouty arthropathy of his foot put severe stress on his cardiovascular system and certainly played a role in his overall medical state.

.  .  .  .  .

In summary, Mr. Deese's debilitated state and final demise were a reflexion of (1) ischemic heart disease with anginal syndrome, (2) chronic arthritis manifested by (a) gouty arthropathy, (b) cervical spine disease, and (c) thoracolumbar spine disease, and (3) esophagitis and hiatal hernia probably aggravated by medication used for the above mentioned joint diseases.

R. at 336.

In a January 28, 1985, decision, the BVA remanded the matter to the Regional Office with instructions to obtain the complete records of the veteran's treatments and hospitalizations at VA facilities, to invite the appellant to submit names and addresses of private physicians who treated the veteran and private hospitals where the veteran was treated, and to request records from any such physicians and hospitals. R. at 359–61. In a February 11, 1986, decision following the remand, the BVA denied service connection for the veteran's cause of death, finding that the veteran's ischemic heart disease was not shown to be service connected, and that the veteran's service-connected disabilities were not shown to have contributed to the cause of his death. R. at 511–23. The Board noted Dr. Schumacher's statement and the appellant's assertion that the veteran's arthritis was caused by his service-connected disabilities (R. at 518–19), but concluded:

The record does show that the veteran experienced substantial limitation in his activities and pain due to his service-connected disability. However, the service-connected disabilities did not affect any vital organ and the evidence of record does not show that they, in fact, had any debilitating effect or caused any general impairment of health which would have rendered the veteran less capable of resisting the effects of the coronary artery disease which caused his death.

R. at 522.

Subsequent to that final denial of her claim, the appellant submitted two more letters from Dr. Schumacher. In a July 3, 1986, letter, Dr. Schumacher stated:

Mr. Deese suffered an [sic] service-connected disability, his debilitating arthritis. A majority of his hospital admissions were a result of his diagnosis of chronic arthritis manifested by gouty arthropathy, [cervicel] spine disease, and thoracolumbar spine disease. . . .

I wish to state again that his final demise was of a cardiac nature, but his arthritis put severe stress on his cardiovascular system and certainly played a role in his overall medical state.

R. at 524. In a December 6, 1988, letter, Dr. Schumacher stated:

In my letter to the VA of November 29, 1983 regarding Mr. Deese's death benefits as a service connected disability, I commented that his arthritis of the neck and spine, and his gouty arthropathy of the foot, put severe stress on his cardiovascular system, and played a role in his overall medical status, including his final demise based on ischemic heart disease. He had esophagitis and hiatal hernia which was probably aggravated by the medication used for his joint disease, and potentially might have masked his angina.

He was totally disabled by his arthritis, using a walker and cane which severely hampered his rehabilitation; and his severe shortness of breath was a reflection of chronic fatigue and pain due to neck, back, and joint disease, and possibly cardiac disease.

In summary, I believe that his death was intimately related to his debilitating arthritis.

R. at 526.

Dr. Schumacher's 1986 statement reiterates his opinion, expressed in his 1983

letter, which was considered by the Board in its decision in 1986 denying the appellant's claim, that the arthritis and gouty arthropathy "played a role in [the veteran's] overall medical state". R. at 336, 524. The 1988 statement ("intimately related"), while slightly stronger than the 1983 and 1986 expressed opinions, is not materially different. Hence, because the 1986 and 1988 statements are "merely cumulative" of evidence previously considered by the Board, and do not create a "reasonable possibility", when viewed in connection with all the evidence, of changing the outcome, they cannot be considered "new and material" evidence so as to justify reopening the claim under 38 U.S.C. §§ 5108 and 7104(b). *See Mason v. Derwinski*, 2 Vet. App. 526, 526–27 (1992).

In any event, even if the evidence in Dr. Schumacher's 1986 and 1988 statements were "new", that is, were not cumulative, that evidence would not be "material", because the record does not show that the veteran's arthritis or gouty arthropathy were service connected. Although the record before the Court does not contain copies of VA rating decisions made during the veteran's lifetime, both the 1986 and 1990 BVA decisions state that the veteran's only service-connected conditions were residuals of a herniated nucleus pulposus, residuals of a meniscectomy of the left knee, and residuals of fractured ribs. R. at 512; *Deese*, BVA 90–——, at 3. The record does not reveal whether VA or the BVA have ever adjudicated the issue of whether the veteran's arthritis or gouty arthropathy were related to his service-connected conditions. However, because Dr. Schumacher's statements do not attribute the cause of the veteran's death to any of the three conditions for which service connection was established, those statements could not, under any interpretation of them, create a "reasonable possibility" of changing the outcome of the prior BVA decision concluding that the veteran's service-connected conditions did not contribute to his death. Therefore, those statements are not "material" for purposes of reopening the claim.

Since no new and material evidence was presented or secured with respect to the veteran's claim, the claim should not have been reopened, and any error attendant on the BVA's denial of it in May 1990 was, therefore, harmless error. *See* 38 U.S.C. § 7261(b); *Kehoskie*, 2 Vet.App. at 34; *Godwin*, 1 Vet.App. at 425; *Thompson*, 1 Vet.App. at 254.

Upon consideration of the record, the Secretary's motion for summary affirmance, and the appellant's informal brief, it is held that the appellant has not demonstrated that the BVA committed error, in its findings of fact, conclusions of law, procedural processes, consideration of the benefit-of-the-doubt rule, or articulation of reasons or bases, that would warrant remand or reversal under 38 U.S.C. §§ 7252, 5107(b), 7104(d)(1), 7261 (formerly §§ 4052, 3007, 4004, 4061) and the analysis in *Gilbert v. Derwinski*, 1 Vet.App. 49 (1990). It is further held that summary disposition is appropriate because the case is one "of relative simplicity" and the outcome is controlled by our precedents and is "not reasonably debatable". *Frankel v. Derwinski*, 1 Vet.App. 23, 25–26 (1990). The Secretary's motion for summary affirmance is granted, and the May 21, 1990, BVA decision is affirmed.

AFFIRMED.