John T. EVANS, Appellant,

v.

Edward J. DERWINSKI, Secretary
of Veterans Affairs, Appellee.

No. 91–553.

United States Court of Veterans Appeals.

Sept. 21, 1992.

John T. Evans, pro se.

James A. Endicott, Jr., Gen. Counsel,
Barry M. Tapp, Asst. Gen. Counsel, Pamela
L. Wood, Deputy Asst. Gen. Counsel, and
Arthur L. Kraut, Washington, D.C., were
on the pleadings, for appellee.

Before MANKIN, HOLDAWAY and STEINBERG, Associate Judges.

MANKIN, Associate Judge:

John T. Evans, a veteran, appeals from a March 4, 1991, Board of Veterans' Appeals (BVA or Board) decision that denied entitlement to service connection for a back disorder and a skin disorder. *John T. Evans,* BVA 91–06893 (Mar. 4, 1991). The veteran's claims for service connection for both of these disabilities were previously and finally denied in a BVA decision issued in February 1989. R. at 120–26. In the decision under appeal, the Board determined that the veteran had not submitted new and material evidence with respect to his previously denied claims. We hold that the Board's determination is correct, and we therefore will affirm the March 4, 1991, BVA decision.

I.

Appellant was inducted into the Army in 1968 and served until 1970. A number of medical disabilities were noted on the report of his induction physical examination, including "sprained back." R. at 6. While in service, he was treated for back pain. Upon examination prior to separation from service, his spine and skin were noted as "normal." R. at 18, 24. In November 1976, he sought treatment at a Veterans' Administration (now the Department of Veterans Affairs) (VA) medical facility for, inter alia, low back pain. In December 1976 he was diagnosed with "perineal rash." R. at 26. Apparently, in 1975 he was injured in a train accident, after which he stopped working for a time. R. at 52, 141. In March 1977, a VA physician again noted that appellant was suffering from a rash. R. at 32–33. In May 1978, a VA rating board denied service connection for back pain on the grounds that appellant's back condition existed prior to service and was not aggravated by service.

In August 1979, appellant was diagnosed with acute lumbosacral strain and, in February 1980, with chronic lumbar pain. R. at 51–52. In December 1980, a VA rating board denied service connection for arthritis. At some time during the early 1980s, appellant apparently began working for the VA. R. at 56, 75. While a VA employee, he continued to experience episodes of low back pain and skin rash. R. at 56–59, 72, 75. In July 1985, the VA again denied service connection for a skin condition, a back condition, arthritis, and other claimed disorders. Service connection for several other claimed conditions was denied in August 1985.

In February 1988, appellant was again examined for lower back pain, and he submitted a statement in support of claim with regard to his back and skin conditions. R. at 82, 84. His claim was again denied. The following month, he again attempted to reopen his back claim. As evidence, he submitted a copy of a January 1988 decision of the United States Court of Appeals for the Fifth Circuit that affirmed a U.S. District Court's dismissal of his lawsuit in which he had sought to force the Army to correct his military records. R. at 89–91; *see Evans v. Marsh,* 835 F.2d 609 (5th Cir.1988) (the decision made passing reference to a report stating that the veteran's back sprain "may have been aggravated in basic training." *Id.* at 610.) Appellant's claim was again denied in March 1988, and he appealed this decision to the BVA. In February 1989, the Board denied his claims for back and skin disorders. R. at 120–26.

The veteran again attempted to reopen his claim in June 1989. He submitted a statement, or "buddy letter," from a fellow veteran who recalled that appellant, during basic training, "was unable to do fisical [sic] exercises and was given an [Article 15, Uniform Code of Military Justice] because of his back condition and his unability [sic] to perform exercises." R. at 129. The VA found this new evidence insufficient to warrant a favorable decision on appellant's back claim, and the veteran filed a Notice of Disagreement (NOD) with respect to that denial. R. at 131, 137. He then submitted additional medical reports reflecting recent examination and treatment, including a doctor's note opining that "because of his chronic low back pain, he probably could not perform manual labor or truck driving type occupation." R. at 140.

At a personal hearing at the New Orleans, Louisiana, Regional Office in September 1990, the veteran testified under oath that he had suffered back pains prior to induction into service, but had not received treatment. He testified that he had injured his back in a fall during basic training, and that he had continued to have back problems after service. R. at 145–46. He also testified that his skin rash would flare up whenever he had back pains. R. at 146. Following the hearing, appellant's claims were denied once again. Appellant then submitted a chiropractic report concerning his then current physical disabilities and limitations. R. at 157–62. In a March 1991 decision, the BVA concluded that the evidence submitted since the previous Board decision was not new and material with regard to either the back claim or the skin rash claim. A timely appeal to this Court followed.

## II.

▮The question before the Court in this appeal is whether the Board correctly determined that the veteran had not submitted new and material evidence since the BVA last denied his claims relating to his back and skin disorders in February 1989. *See Manio v. Derwinski*, 1 Vet.App. 140 (1991). When the BVA evaluates a veteran's attempt to reopen a claim that the Board has previously denied, it must perform a two-step analysis. *Mason v. Derwinski*, 2 Vet.App. 526, 527 (1992); *id.*, at 528 (Mankin, J., dissenting); *Manio*, 1 Vet. App. at 145. As this Court first explained in *Manio:*

First, the BVA must determine whether the evidence is "new and material". 38 U.S.C. § [5108]. Second, if the BVA determines that the claimant has produced new and material evidence, the case is reopened and the BVA must evaluate the merits of the veteran's claim in light of *all* the evidence, both new and old.

*Manio*, 1 Vet.App. at 145 (citation omitted). The determination whether evidence submitted to reopen a previously disallowed claim is new and material under 38 U.S.C. § 5108 is a question of law which

this Court reviews de novo. *Colvin v. Derwinski*, 1 Vet.App. 171, 174 (1991). "New and material" evidence is evidence which is "not ... merely cumulative of other evidence on the record" and "is relevant and probative of the issue at hand." *Id.*

*Mason*, at 527.

▮ Applying the above standards to this case, we find that the only newly submitted evidence with regard to appellant's skin rash claim is his own testimony. This evidence is cumulative of evidence that the Board considered in its previous denial of appellant's claims, and therefore is not new.

▮ With respect to the back disability claim, appellant submitted the buddy letter, which supports his contention that he had been subjected to discipline for failing to perform required exercises on account of his back condition. In addition, he testified under oath at the September 1990 personal hearing that he injured his back during basic training when he "stumbled and fell while carrying a man on [his] back and after that [he] started having these problems." R. at 145. This evidence is also cumulative of evidence already in the record and thus is insufficient to justify a new hearing before the Board. Further, the medical evidence that appellant submitted was relevant only to his current state of disability, and not to whether any disability was incurred in or aggravated by service. In order to justify reopening "there must be a reasonable possibility that the new evidence, when viewed in the context of all the evidence ... would change the outcome." *Colvin*, 1 Vet.App. at 174. There is no reasonable possibility that appellant's testimony would change the outcome of the BVA decision below. Therefore, we hold that the Board's determination that the evidence submitted since the February 1989 BVA decision "is essentially cumulative and redundant in nature or ... does not bear on the issue of whether a chronic skin disorder and back disorder were either incurred in or aggravated by service" is correct. *Evans*, BVA 91–06893, at 8. It does not constitute new and mate-

rial evidence under 38 U.S.C. § 5108. The Board's previous denial of these claims remained final, and the claims could not be reopened on the basis of the recently submitted evidence.

The March 4, 1991, decision of the Board of Veterans' Appeals is AFFIRMED.