Charles R. MINSHALL, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 91–580.

United States Court of Veterans Appeals.

Feb. 12, 1993.

Before STEINBERG, Associate Judge.

## MEMORANDUM DECISION

STEINBERG, Associate Judge:

The pro se appellant, World War II veteran Charles R. Minshall, appeals a December 3, 1990, Board of Veterans' Appeals (Board or BVA) decision denying entitlement to service connection for residuals, postoperative herniated nucleus pulposus (semifluid mass of fine white and elastic fibers forming central portion of invertebral disk, DORLAND'S ILLUSTRATED MEDICAL DICTIONARY 1158 (27th ed. 1988) [hereinafter "DORLAND'S"]), of the lumbosacral spine, and an increased service-connected disability rating for residuals of traumatic injury with degenerative changes, cervical spine. *Charles R. Minshall,* BVA 90–45924 (Dec. 3, 1990). The Secretary of Veterans Affairs (Secretary) has moved for summary affirmance as to the cervical spine condition, for remand as to the lumbosacral spine condition, and to strike an attachment to the appellant's brief. Summary disposition is appropriate in this case because it is one "of relative simplicity" and the outcome is controlled by the Court's precedents and is "not reasonably debatable". *Frankel v. Derwinski,* 1 Vet.App. 23, 25–26 (1990). The Court will affirm in part the BVA's December 3, 1990, decision, and will remand the matter in part for further proceedings consistent with this decision. The Secretary's motion to strike will be granted.

## I. BACKGROUND

The veteran served in the United States Navy from May 1945 to July 1946. R. at 1. According to service records and an August 1946 application to the Veterans' Ad-

ministration (now Department of Veterans Affairs) (VA) for compensation or pension, he was hit in December 1945 by a flying board. R. at 8, 13. (According to statements after 1981 by the veteran and a service colleague, the veteran may have fallen through an open hatch of a vessel during unloading. R. at 24, 31, 33, 43, 46–48, 61, 102, 116.) In 1946, a VA regional office (RO) awarded the veteran service connection for residuals of a neck abrasion, then rated as zero-percent disabling. R. at 21. In October 1982, the RO increased to 10% the disability rating for that condition (recharacterizing the condition as "residuals of traumatic injury with degenerative changes, cervical spine") and denied service connection for a lumbosacral-spine condition, involving herniated nucleus pulposus. R. at 38–39. The veteran apparently did not appeal this decision. In June 1983, the RO increased to 20% the disability rating for the cervical-spine condition. R. at 54–55. In August 1988, the veteran applied for a higher disability rating because his "condition[ ] [had] worsened." R. at 85. The RO denied that claim in October 1988. R. at 92. In May 1989, the veteran again applied for an increased rating for the cervical-spine condition and sought to reopen his claim for service connection for the lumbosacral-spine condition. R. at 101–02. In December 1990, the BVA denied these claims. *Minshall*, BVA 90–45924, at 5.

## II. ANALYSIS

### A. Lumbosacral–Spine Condition

■ The veteran's claim for service connection for a lumbosacral-spine condition was denied in a prior unappealed VARO decision in October 1982. R. at 38. Pursuant to 38 U.S.C.A. § 5108 (West 1991), a previously and finally disallowed claim must be reopened by the Secretary when "new and material evidence" is presented or secured with respect to that claim. *See* 38 U.S.C.A. § 7104(b) (West 1991). In considering claims to reopen previously and finally disallowed claims, the Board must first determine whether the evidence presented or secured since the prior final disallowance of the claim is

"new and material". *See Manio v. Derwinski*, 1 Vet.App. 140, 145 (1991). Evidence is "new" if it is not "merely cumulative" of evidence already in the record; and it is "material" if it is "relevant [to] and probative of the issue at hand" and there is a "reasonable possibility that the new evidence, when viewed in the context of all the evidence, both new and old, would change the outcome." *Colvin v. Derwinski*, 1 Vet. App. 171, 174 (1991). The determination as to whether evidence is "new and material" is a question of law, which this Court reviews de novo under 38 U.S.C. § 7261(a)(1) (1992). *See Masors v. Derwinski*, 2 Vet. App. 181, 185 (1992); *Jones (McArthur) v. Derwinski*, 1 Vet.App. 210, 213 (1991); *Colvin, supra.*

■ Regarding service connection for the lumbosacral-spine condition, despite statements in the Secretary's motion to remand suggesting otherwise, the Court holds that the veteran did not submit new and material evidence to reopen that claim. His claim for service connection for this condition was denied by a prior final RO decision in October 1982. R. at 38–39. The evidence submitted in connection with the 1989 claim consists of medical reports detailing the current state of that condition, but not its cause. *See* R. at 103–08. Although this evidence is new, it is not "probative of the issue at hand"—whether the lumbosacral-spine condition was incurred in or aggravated during service. *See* 38 U.S.C.A. § 1110 (West 1991); 38 C.F.R. § 3.303 (1992). The Board correctly stated that the evidence relating to [the] veteran's low[-]back disability ... does not provide any basis for attributing this to service...." *Minshall*, BVA 90–45924, at 3. The veteran also submitted as evidence his own statements that he fell through an open hatch while unloading a Navy vessel. R. at 102, 116. These statements are repetitious of 1982 statements made by the veteran in connection with his original claim for service connection that the RO had denied in October 1982. *See* R. at 31, 33. The 1989 statements are also repetitious of statements made by the veteran after the RO's denial of service connection

**198**

in 1982. *See* R. at 46–47, 61, 71. Because the veteran's statements in connection with the reopened claim are cumulative, they are not "new". *See Colvin, supra.* Therefore, any error that the Board made in setting forth its reasons or bases as to the lack of materiality of the new evidence was harmless, *see* 38 U.S.C.A. § 7261(b) (West 1991); *Kehoskie v. Derwinski,* 2 Vet.App. 31, 34 (1991); *Godwin v. Derwinski,* 1 Vet. App. 419, 425 (1991); *Thompson v. Derwinski,* 1 Vet.App. 251, 253–54 (1991), and the Court will affirm the BVA's decision on this claim.

■ The Court is not bound to accept the Secretary's concession, in his motion to remand, that the Board did not provide adequate reasons or bases regarding the materiality of the new evidence. *See Mason v. Derwinski,* 2 Vet.App. 526, 527–28 (1992) (denying Secretary's motion for remand to enable Board to determine whether evidence was new and material and to provide reasons or bases therefor); *Reichner v. Brown,* 4 Vet.App. 418, 419 (1993) (mem. decision) (Court rejected Secretary's motion, under *Gardner v. Derwinski,* 1 Vet. App. 584 (1991), for remand of case involving disability claimed, under 38 U.S.C.A. § 1151 (West 1991), to have resulted from treatment at a VA facility because the Board had found, without clear error, that "additional disability", a regulatory prerequisite for a section 1151 claim under 38 C.F.R. § 3.358(a) (1992), was not present). As noted above, the Court reviews on a de novo basis, without deference to the Board's analysis, the question whether there is new and material evidence. *See Masors, supra; Colvin, supra.*

### B. Cervical–Spine Condition

■ Regarding the veteran's claim for an increased evaluation for the cervical-spine condition, the BVA did not provide adequate reasons or bases for its finding that the limitation of motion for his cervical spine was moderate rather than severe. *See Gilbert v. Derwinski,* 1 Vet.App. 49, 57 (1990). The veteran's cervical-spine condition is currently rated as "moderate" (20%

disabling) for limitation of motion. R. at 55; *see* 38 C.F.R. § 4.71a, Diagnostic Code 5290 (1992). Limitation of motion that is "severe" would warrant a 30% disability rating. *Ibid.* In his May 1989 Statement in Support of Claim, the veteran stated: "I [cannot] turn my head to right very far and [cannot] bend head up or down when turned to right [sic] is normal for movement on left but painful". R. at 101. A September 1988 VA examination indicated degenerative joint disease of the cervical spine with 20–degrees flexion, 15–degrees extension and lateral bending, 85–degrees left rotation, and 80–degrees right rotation. R. at 87–88; *see also* R. at 115. However, a September 1989 VA medical report indicated that the veteran held his head in a "normal relaxed position", with forward flexion of 30 degrees, backward extension of 25 degrees, lateral bending of 30 degrees, left rotation of *15 degrees,* and right rotation of *20 degrees*—as contrasted with the 85 degrees and 80 degrees, respectively, found on the 1988 report. R. at 107. The September 1989 examination also included a radiologic report, stating: "[T]here are minor degenerative changes with mainly anterior osteophytes [osseous outgrowth, DORLAND'S, *supra,* at 1200]. There has been no change since the last film." R. at 104. The Board pointed to the radiologic report, indicating no change from the 1988 X ray to the 1989 X ray, and to the September 1989 report "that the veteran held his head in a normal position." *Minshall,* BVA 90–45924, at 3.

■ A BVA decision shall include "a written statement of the Board's findings and conclusions, and the reasons or bases for those findings and conclusions, on all material issues of fact and law presented on the record". 38 U.S.C.A. § 7104(d)(1) (West 1991); *see Gilbert,* 1 Vet.App. at 56–57. Here, the Board failed to provide adequate reasons or bases for its conclusion that the 1989 examination did not reflect a worsening limitation of motion warranting a severe, rather than a moderate, rating. Specifically, the Board did not address the apparently significant discrepancies in the measurements of right and left rotation taken in the VA 1988 and 1989 examina-

tions. *See also* 38 C.F.R. § 4.2 (1992) (VA rating specialists should interpret examination reports in light of whole recorded history, reconciling various reports into a consistent picture because different examiners may have described the same disability differently). The Court will remand this claim for the Board to provide adequate reasons or bases; on remand, "[i]f the medical evidence of record is insufficient, ... the BVA is always free to supplement the record by seeking an advisory opinion, ordering a medical examination[,] or [quoting] recognized medical treatises in its decisions that clearly support its ultimate conclusions." *Colvin*, 1 Vet.App. at 175; *Hatlestad v. Derwinski*, 3 Vet.App. 213, 217 (1992); *see also* 38 U.S.C.A. § 7109 (West 1991).

■ Based upon the veteran's repeated assertions that he was experiencing pain, R. at 101, 103–05, 118, 122, the Court concludes that he submitted a well-grounded claim for functional loss due to pain under 38 C.F.R. §§ 4.40, 4.45 (1992); *see Schafrath v. Derwinski*, 1 Vet.App. 589, 593 (1991); *see also Murphy v. Derwinski*, 1 Vet.App. 78, 81 (1990) (well-grounded claim is "a plausible claim, one which is meritorious on its own or capable of substantiation"). Although the BVA's "DISCUSSION AND EVALUATION" relates the veteran's assertions of pain, *Minshall*, BVA 90–45924, at 3, it does not discuss that pain in the context of regulation sections 4.40 and 4.45. If the Board did consider sections 4.40 and 4.45, it failed to say so and to provide adequate reasons or bases for rejecting the claim for functional loss due to pain. On remand, the Board must undertake any appropriate further development and provide adequate reasons or bases for its conclusions. *See Schafrath, supra.*

■ The Court notes that the veteran attached to his brief a July 1992 letter from a private physician. However, the letter is not properly before the Court because the letter postdates the BVA's December 1990 decision. *See* 38 U.S.C.A. § 7252(b) (West 1991); *Rogozinski v. Derwinski*, 1 Vet. App. 19, 20 (1990) (Court's review is limited

to the record of proceedings before the Secretary and the Board). The Court will grant the Secretary's motion to strike the July 1992 letter attached to the veteran's brief. If the veteran believes that this letter constitutes new and material evidence, he could seek to reopen his claim at a VA regional office.

■ The veteran also stated in his brief that he is suffering from mental health problems. A claimant seeking to appeal an issue to the Court must first obtain a *final* BVA decision on that issue. *See* 38 U.S.C.A. §§ 7266(a), 7252(a) (West 1991). "Review in the Court shall be on the record of proceedings before the Secretary and the Board." 38 U.S.C.A. § 7252(b). In this case, the veteran has apparently never submitted to VA or the Board a claim for compensation or pension benefits based on this condition. Thus, he has not exhausted his administrative remedies, and the Court will not preempt the BVA and address the merits of this claim. *See Herzog v. Derwinski*, 2 Vet.App. 502, 503 (1992); *Branham v. Derwinski*, 1 Vet.App. 93, 94 (1990); *Mokal v. Derwinski*, 1 Vet.App. 12, 15 (1990).

### III. CONCLUSION

Upon consideration of the record and the pleadings of the parties, the Court holds that the appellant has not demonstrated that the BVA committed error, in denying entitlement to service connection for the lumbosacral spine condition, in its findings of fact, conclusions of law, procedural processes, consideration of the benefit-of-the-doubt rule, or articulation of reasons or bases, that would warrant remand or reversal under 38 U.S.C.A. §§ 5107(b), 7104(d)(1), 7252, 7261 (West 1991), and the analysis in *Gilbert, supra*. The Court, therefore, denies the Secretary's motion to remand and summarily affirms the BVA's December 3, 1990, decision as to this claim. The Court grants the Secretary's motion to strike the July 1992 letter attached to appellant's brief.

As to the cervical-spine condition, the Court denies the Secretary's motion for summary affirmance and summarily va-

cates that part of the BVA's decision re-garding that claim and remands the matter to the BVA for further proceedings, consistent with this decision, in accordance with applicable provisions of law and regulation. *See* 38 U.S.C.A. § 7104(a), (d)(1) (West 1991); *Fletcher v. Derwinski,* 1 Vet.App. 394, 397 (1991). On remand, the appellant will be free to submit additional evidence and argument on the cervical-spine condition. *See Quarles v. Derwinski,* 3 Vet. App. 129, 141 (1992). A final decision by the Board following the remand herein ordered will constitute a new decision which, if adverse, may be appealed to this Court only upon the filing of a new Notice of Appeal with the Court not later than 120 days after the date on which notice of the new BVA decision is mailed to the appellant.

AFFIRMED IN PART AND VACATED AND REMANDED IN PART.